

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

April 10, 2025

**VIA ECF**
The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl St., Room 2230
New York, NY 10007

      Re:    *SEC v. Nova Labs, Inc.*, 25-cv-00539 (S.D.N.Y.)

Dear Judge Vyskocil:

    Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter requesting that the Court approve the proposed final judgment ("Proposed Final Judgment") as to defendant Nova Labs, Inc. ("Nova Labs") filed contemporaneously with this letter, along with Nova Labs' executed Consent to the Proposed Final Judgment ("Consent"). If approved, the Proposed Final Judgment would fully resolve the SEC's claims in this case. Nova Labs consents to this request.

    Nova Labs is a technology company with its principal place of business in San Francisco, California. On January 17, 2025, the SEC filed the Complaint commencing this matter. (ECF No. 1, Complaint.) The Complaint alleges that Nova Labs, among other things, violated Section 17(a)(2) of the Securities Act of 1933 ("Securities Act"), by making misstatements to investors in Nova Labs' offer or sale of preferred equity shares in a private placement (the "Private Placement"). *See, e.g.*, Complaint ¶¶ 4-5, 242-44, 247-55, 263-67, 270-75, 291-93, 303-04.

    After negotiations between the parties, Nova Labs executed the Consent, in which Nova Labs agreed to settle the Complaint's allegations related to Securities Act Section 17(a)(2) and the Private Placement. Specifically, without admitting or denying particular allegations identified in footnote 1 of the Consent, Nova Labs has agreed to settle the Complaint's claim under Securities Act Section 17(a)(2) concerning the Private Placement by consenting to the Proposed Final Judgment, which would order Nova Labs to pay a $200,000 civil penalty pursuant to Securities Act Section 20(d). Under the terms of the Consent and Proposed Final Judgment, the Complaint's allegations and claims not specifically addressed in the Consent— including the claims under Securities Act Section 5(a) and 5(b) and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(b) thereunder, and allegations not set forth in footnote 1—would be dismissed with prejudice. The SEC's current three-member Commission has reviewed and approved the terms of the settlement as reflected in the Consent and Proposed Final Judgment.

Hon. Mary Kay Vyskocil                                                                                                    Page 2
April 10, 2025

      A District Court should approve a proposed consent judgment involving the SEC if it is fair and reasonable.  *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014).  Four non-exclusive factors guide the inquiry of whether the proposed judgment is fair and reasonable:  (1) the basic legality of the proposed judgment; (2) whether the terms and enforcement mechanisms of the judgment are clear; (3) whether the consent judgment resolves the actual claims in the complaint; and (4) whether the parties improperly colluded.  *Id.* at 294-95.  Here, the Proposed Final Judgment is fair and reasonable.  The sole remedy—a civil penalty—is legal because Congress has expressly authorized it.  *See* 15 U.S.C. § 77t(d).  Additionally, the enforcement mechanism for that remedy is clear, the parties' settlement addresses and resolves all claims in the Complaint, and the Consent and Proposed Final Judgment were the product of arms-length negotiations.

      For the reasons described above, the SEC respectfully requests that the Court approve the Proposed Final Judgment and docket it with the Consent.

                                                                         Respectfully submitted,

                                                                         /s/  Christopher M. Colorado
                                                                         Christopher M. Colorado

                                                                         *Attorney for Plaintiff*

Attachments

cc:     Kevin R. Puvalowski, Esq. (via e-mail)
          Adam H. Schuman, Esq. (via e-mail)