UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

NOVA LABS, INC.

Defendant.

C.A. No. 25-cv-00539 (MKV)

## CONSENT OF DEFENDANT NOVA LABS, INC.

1.      Defendant Nova Labs, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint relating to Defendant's offer or sale of preferred equity shares and to Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)] ("Securities Act") (the "Subject Allegations")[1] (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Defendant to pay a civil penalty in the amount of $200,000 under Securities Act Section 20(d) [15 U.S.C. § 77t(d)].

3.      Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

---

[1] The Subject Allegations are the following paragraphs in the complaint: 4-5, 8, 117, 242-244, 247-255, 258-259, 263-267, 270-275, 280-288, 291-293, and 303-304.

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

11.     With respect to the Subject Allegations, as defined in Footnote 1 above, Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e) with respect to the Subject Allegations, Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, the Subject Allegations or creating the impression that the Subject Allegations are without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the Subject Allegations, or that this Consent contains no admission of the Subject Allegations, without also stating that Defendant does not deny the Subject Allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any of the

3

Subject Allegations in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the Subject Allegations are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

4

Dated:  March  7th  , 2025

Nova Labs, Inc.

By: *Sarah Elizabeth Aberg*
_____
Sarah Aberg, Esq.
Chief Legal Officer
Nova Labs, Inc.
2261 Market Street, Suite 10194
San Francisco, CA  94114

**STATE OF**  Florida              )

                                             )

**COUNTY OF**  Alachua          )

On March  7th  , 2025, Sarah Aberg, a person known to me or who produced a driver's

license or other government-issued identification bearing her name and photograph as

identification, personally appeared before me and acknowledged executing the foregoing

Consent with full authority to do so on behalf of Nova Labs, Inc. as its Chief Legal Officer.

Identification produced DRIVER LICENSE



KYLE J GIBSON
Notary Public - State of Florida
Commission # HH 415119
Expires on June 27, 2027

Notary Public Kyle J Gibson
Commission expires: 06/27/2027
Notarized remotely online using communication technology via Proof.

Approved as to form:

_____
Kevin R. Puvalowski
Adam H. Schuman
Petrillo Klein + Boxer LLP
655 Third Avenue, 12th Floor
New York, New York 10017

*Counsel for Defendant*